**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| Plaintiff | * | |
| v. | * | CRIMINAL NO. JKB-09-0288-16 |
| **ANTONIO WHITE** | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter was recently transferred to the undersigned upon the retirement of Judge William D. Quarles, Jr. Now pending before the Court are the Defendant's Motions to Amend/Correct Sentence (ECF No. 1295) and to Vacate Pursuant to 28 U.S.C. § 2255 (ECF No. 1298). The Court has carefully reviewed the Defendant's submissions, the Government's Memorandum in opposition to the Motions (ECF No. 1327), and the relevant portions of the record assembled before Judge Quarles. The Defendant's Motions are groundless and, for the reasons stated in the Government's Memorandum, are DENIED.

The Defendant's contentions that he was illegally sentenced as a career offender are time-barred. He has not proffered a basis for the Court to ignore the normal one-year time restriction. Even if not time-barred, the Defendant's career offender claim is still infirm. He failed to raise it on direct appeal so it is procedurally defaulted. He makes no claim that he is "actually innocent" nor that there is "cause" for his default and "prejudice" flowing therefrom. Moreover, the record reveals that the Defendant had the requisite prior criminal history to justify imposition of a "career offender" sentence. Finally, he entered his guilty plea pursuant to an agreement with the

Government wherein both sides recommended a sentence of 262 months incarceration. This circumstance was fully and carefully reviewed with the Defendant when he plead guilty. He knew what he was doing.

The Defendant has failed to carry his burden of demonstrating that he received ineffective assistance of counsel. First, he has not shown that his lawyer's assistance was ineffective. Second, he has failed to show prejudice of any ineffectiveness. *See Strickland v. Washington*, 466 U.S. 668 (1984).

Accordingly, for the reasons stated above, and for the reasons set out in the Government's Memorandum, the Defendant's Motions (ECF Nos. 1295 and 1298) are DENIED.

A certificate of appealability may issue only if the Defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a defendant must demonstrate that reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (citing *Slack*, 529 U.S. at 484). Defendant has failed to meet the standard for a certificate of appealability. Therefore, it is DENIED.

DATED this 21st day of March, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge